GREENBERG TRAURIG, LLP
Mark D. Kemple (SBN145219)
Ashley M. Farrell (SBN 271825)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:     (310) 586-7700
Facsimile:     (310) 586-7800
Email:         kemplem@gtlaw.com
Email:         farrella@gtlaw.com

Attorneys for Defendants
WENDY'S INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH DAVENPORT, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE WENDY'S COMPANY, a foreign corporation, WENDY'S RESTAURANTS LLC, a foreign limited liability company, WENDY'S INTERNATIONAL, INC. (dba THE WENDY'S RESTAURANT SYSTEMS IN THE UNITED STATES), A FOREIGN CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00931-JAM-DAD<br><br>**JOINT STIPULATION REGARDING CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER** |

Plaintiff Mitch Davenport ("Plaintiff") and Defendant Wendy's International, Inc. ("Wendy's"), hereby stipulate to the entry of an agreed protective order, for the reasons set forth below.

1. The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, will contain confidential non-public information of a, financial and/or commercial nature which may constitute a trade secret or proprietary information. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality concerns. The parties intend this Stipulation and Order to address these concerns.

2. Upon entry of an Order by this Court, this Protective Order that shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to ¶ 6 through the discovery and all pretrial processes. This Protective Order is not intended to govern at trial or appeal. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

3. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to California's statutes and rules regarding discovery, including documents, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials. For Purposes of this Stipulation, "CONFIDENTIAL" information and materials is defined as a trade secret or other confidential or proprietary research, development or commercial information, including, but not limited to, internal procedures and policies demonstrating how Defendant operates its business on both a corporate and individual restaurant level and the process by which Defendant's products are created, internal information regarding the confidential process created by Defendant to provide efficient service, studies and/or surveys sponsored by Defendant to gain market knowledge and determine process(es) by which efficient service can be attained and maintained, supplier lists, and product formulas, all to the extent that publication of such materials to a competitor could be detrimental to Wendy's ability to

1
**JOINT STIPULATION AND PROTECTIVE ORDER**

LA 131588028v1

compete. In addition, without foregoing, and indeed expressly preserving any and all objections based on privacy concerns, the parties agree that "CONFIDENTIAL" information and materials may include the contact information (last known address and phone numbers, and e-mail addresses) for Wendy's current and former employees. There is a particularized need for protection of each of the above categories, as each category contains trade secret or other confidential or proprietary research, development, or commercial information that was created and/or obtained by Defendant at a great time and monetary cost, and the disclosure of which may be a detriment to Defendant and its franchises ability to compete in the fast-food market. Because of the sensitive nature of these documents, the agreement between the parties to keep these documents "CONFIDENTIAL" requires approval by this Court in accordance with Local Rule 143(b). Otherwise, a producing party would have a mere contractual claim against a lawyer or his client for dissemination of trade secret and commercial information, with no meaningful remedy. Moreover, a subsequent claimant might point to such an informal agreement as evidence that the producing party does not take reasonable steps to secure its proprietary and trade secret information. A court order, in contrast, provides the quick and powerful remedy and mechanism of contempt proceedings in the event of a violation and improper disclosure of "CONFIDENTIAL" materials.

   4.   This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

   5.   Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 7, 10 & 12 below.

   6.   Any party may designate any Discovery Materials it deems to be confidential by designating such Discovery Materials as "CONFIDENTIAL."

   7.   Except as provided in paragraphs 10 and 12, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

2
**JOINT STIPULATION AND PROTECTIVE ORDER**

LA 131588028v1

Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

"CONFIDENTIAL" designated Discovery Materials shall only be disseminated or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) consultants, in accordance with the terms specified below. There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials.

No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their retained consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit 1. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said

3
**JOINT STIPULATION AND PROTECTIVE ORDER**
LA 131588028v1

undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit 1.

During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available document without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order denying the designating party's request, pursuant to Local Rule 141, to file said documents under seal, as outlined below. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked, and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

Prior to attaching or quoting any "CONFIDENTIAL" Discovery Materials in any pleadings, motion papers or other papers filed with this Court or any other court such that said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, the party seeking to attach or quote any such Discovery Materials, shall first provide 14 days' written notice to all Counsel of Record, such that the party who designated the material as "CONFIDENTIAL" may move the Court, pursuant to Local Rule 141, for a request to file said documents under seal. Upon request, any party may join any motion to seal documents designated by them as "CONFIDENTIAL," including the drafting and approval of said motion. Under the terms of this Stipulation, it is the responsibility of the

4
**JOINT STIPULATION AND PROTECTIVE ORDER**

1  party who marked the Discovery Materials as "Confidential" to move the Court, pursuant
2  to Local Rule 141, for a request to file said documents under seal.

3      8.    In the event that a party makes documents available for inspection, rather than delivering
4  copies to another party, no marking need be made in advance of the initial inspection.  For purposes of
5  the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL."
6  Thereafter, upon the inspecting party's selection of documents for copying, the party producing the
7  documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 7, above.

8      9.    Either at deposition, or within twenty (20) days of receipt of any deposition transcript,
9  either party may designate either orally on the record or in writing to the other parties and the court
10 reporter, those portions of the testimony in the transcript that the designating party claims constitute
11 "CONFIDENTIAL" Information.  If such designation is made in writing, each party and the Court
12 Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in
13 its possession, custody or control, and the portions designated in such notice shall thereafter be treated in
14 accordance with the Protective Order. If such designation is made orally on the record at the time of the
15 deposition, such portions designated as "CONFIDENTIAL" shall be separately bound by the court
16 reporter, marked as "CONFIDENTIAL" and shall thereafter be treated in accordance with the Protective
17 Order.  Disputes regarding the designation of portions of a deposition as "CONFIDENTIAL" shall be
18 resolved as set forth below in Paragraph 10.

19     10.    If any dispute arises concerning whether information designated as "CONFIDENTIAL"
20 should in fact be considered "CONFIDENTIAL" for purposes of this Stipulation, the party who objects
21 to the designation of the information as "CONFIDENTIAL" shall give written notice of the objection.
22 The parties shall then attempt to resolve the dispute informally and in good faith.  If the parties do not
23 resolve the dispute informally, the party who designated the information as "CONFIDENTIAL" shall
24 have ten (10) business days from either (a) the written notice from the objecting party made pursuant to
25 this paragraph, or (b) the written objection to disclosure from the producing party, or (c) the date the
26 parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion asking
27 the Court to resolve the issue.  If the motion is not filed within this time, then the "CONFIDENTIAL"

28

5
**JOINT STIPULATION AND PROTECTIVE ORDER**
LA 131588028v1

1  designation shall be deemed waived.  If such a motion is timely filed, the party asserting confidentiality
2  shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to
3  privacy or (b) trade secret or other confidential research, development, or commercial information.
4  Prior to the determination of such motion, the disputed information shall be treated by the parties as
5  "CONFIDENTIAL."  If such motion is granted in favor of the objecting party and five days have passed
6  after entry of an order granting the motion, then the prevailing party may disclose the information.

7       11.     The disclosure of any Discovery Materials pursuant to the terms of this Protective Order
8  is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any
9  confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information
10 disclosed is a trade secret or is proprietary.

11      12.     Upon final resolution of this litigation, including any appellate proceedings or expiration
12 of the time allowed therefore, and within 60 days thereof,  counsel for each party shall return or destroy
13 all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to
14 counsel for the party that produced said materials, unless otherwise agreed in writing.  Counsel for each
15 party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or
16 documents containing such material.  Certification of such destruction, under penalty of perjury, is to be
17 made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials
18 within ten (10) business days of destruction.

19      13.     Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any
20 of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional
21 protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary
22 documents, information or any other discovery material or trade secrets, including, but not limited to,
23 restrictions on disclosure.  Nothing contained herein relieves any party of its obligation to respond to
24 discovery properly initiated pursuant to a Discovery Order.

25      14.     The parties hereby stipulate to the following treatment of any privileged or work product
26 materials inadvertently disclosed in this action.  The parties agree that disclosure of information
27 protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of
28

6

**JOINT STIPULATION AND PROTECTIVE ORDER**

LA 131588028v1

privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

15. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties. If either party has reason to believe that the opposing party has violated the terms of this Stipulation, that party may seek file a motion with the Court seeking any orders that it deems appropriate for the alleged violation of this Stipulation.

16. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

///
///
///
///
///
///
///

7
**JOINT STIPULATION AND PROTECTIVE ORDER**

LA 131588028v1

17. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order.  Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise

It is so stipulated.

DATED:  September 8, 2014                    JONES LAW FIRM

By  /s/ Charles A. Jones
Charles Jones
Attorneys for Plaintiff Mitch Davenport

DATED:  September 8, 2014                    GREENBERG TRAURIG, LLP

By  /s/ Mark D. Kemple
Mark D. Kemple
Attorneys for Defendant Wendy's International, LLC

8
**JOINT STIPULATION AND PROTECTIVE ORDER**

LA 131588028v1

### **ORDER**

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  September 9, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
davenport0931.stip.prot.ord.doc

**EXHIBIT 1**

**STATEMENT OF CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Stipulated Protective Order entered by the Court in *Davenport. Wendy's International, Inc.,* Case No. 2:14-CV-00931-JAM-DAD, a copy of which is attached hereto, and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulated Protective Order by me or anyone acting under my direction may subject me to penalties for contempt. I hereby consent to the personal jurisdiction of the United States District Court, Eastern District, for purposes of enforcement or redress of the violation by me of the Stipulated Protective Order.

SIGNATURE: _____

NAME (PRINTED): _____

ADDRESS: _____

_____

EMPLOYER: _____

DATE: _____