UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCH DAVENPORT, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WENDY'S COMPANY, a foreign corporation, WENDY'S RESTAURANTS LLC, a foreign limited liability company, WENDY'S INTERNATIONAL, INC. (dba THE WENDY'S RESTAURANT SYSTEMS IN THE UNITED STATES), a foreign corporation,<br><br>Defendants. | No. 2:14-cv-0931 JAM DAD<br><br>ORDER |

On July 31, 2015, this matter came before the undersigned for hearing of defendants' unopposed request to seal and motion confirming confidential status of documents.[1] Attorney Charles Jones appeared telephonically on behalf of the plaintiff and attorneys Ashley Farrell and Mark Kemple appeared telephonically on behalf of the defendants.

/////

---

[1] In an August 7, 2015 email to the court, the defendants narrowed the number of documents sought to be sealed pursuant to the parties' agreement. In this regard, defendants are now seeking to file under seal only the documents identified in item 1 and item 3 of defendants' notice of request to seal filed on May 29, 2015. (Dkt. No. 48.) This order concerns only those two items.

1

There is a presumption in favor of public access to court records. See Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). "[A]ccess to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. See In re Midland Nat'l Life Ins. Co., 686 F.3d 1115 (9th Cir. 2012); Kamakana, 447 F.3d at 1172; Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Phillips, 307 F.3d 1206. To seal documents filed in connection with a dispositive motion, parties must show there are "compelling reasons" for doing so. Kamakana, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."). To demonstrate compelling reasons justifying sealing of such documents, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." Id. at 1181 (internal citations, quotation marks, and emphasis omitted). "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1182 (internal citation, quotation marks, and emphasis omitted). See also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010), cert. denied Sub nom. Experian Info. Solutions, Inc. v. Pintos, 562 U.S. 1134 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely a good cause standard in addressing documents filed in connection with summary judgment motions). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communs., Inc., 435 U.S. 589, 589 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id.

/////

On the other hand, parties seeking to file documents under seal in connection with a nondispositive motion must show only "good cause" for the requested sealing. Kamakana, 447 F.3d at 1180; In re Midland, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citing Foltz, 331 F.3d at 1138)). The presumption of public access is rebutted by a showing of good cause because "of the weaker public interest in nondispositive materials," Pintos, 605 F.3d at 678, and "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public [by issuing a protective order] would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." Phillips, 307 F.3d at 1213 (addressing an intervenor's request to access confidential settlement information produced during discovery under a protective order). See also Foltz, 331 F.3d at 1135; Pintos, 605 F.3d at 678 (discussing the parties' interest in keeping discovery documents under seal in light of the public's lesser interest in nondispositive motions); Kamakana, 447 F.3d at 1180. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result . . . . If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1210-11 (citations omitted).

Here, the undersigned finds that even under the compelling reason standard the documents sought to be sealed contain the type of trade secrets that courts have typically and appropriately allowed to be filed under seal and that the release of these documents could cause defendants competitive harm. See Nixon, 435 U.S. at 598 ("courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing); Apple Inc. v. Samsung Electronics Co., Ltd., 727 F.3d 1214, 1221 (Fed. Cir. 2013) ("One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business."); In re Electronic Arts, Inc., 298 Fed. Appx. 568, 569 (9th Cir. 2008) ("A trade secret may consist of any formula, pattern, device or compilation of information which is
/////

used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.").[2]

Accordingly, upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing, IT IS HEREBY ORDERED that:

    1. Defendants' request to seal (Dkt. No. 48), as modified, is granted[3];

    2. Defendants shall contact the Clerk of the Court to submit the documents to be filed under seal; and

    3. Defendants' motion for an order confirming confidential status (Dkt. No. 49) is granted.

Dated: August 17, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\davenport0931.oah.073115.docx

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[3] As explained at the July 31, 2015 hearing on the motion, this order is without prejudice to any ruling by the assigned District Judge.